1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10   EUGENE ALLEN,

11              Plaintiff,                    No. CIV S-09-1141 WBS EFB P

12        vs.

13   CONSTANCE PICCIANO,

14              Defendant.                    <u>ORDER</u>

15   _____/

16        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

17   U.S.C. § 1983.  He seeks leave to proceed *in forma pauperis*.  This proceeding was referred to

18   this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

19        Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

20        Plaintiff has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

21   Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

22   Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect

23   and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C.

24   § 1915(b)(1) and (2).

25        The court has reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A and finds

26   that it does not state a cognizable claim against defendant.

1    Plaintiff's complaint states that he was convicted of first degree murder in 1972.   He

2 claims that twenty years later, in 1992, he filed a civil rights action against one of the

3 prosecution's witnesses in his murder trial.  The witness was apparently represented by

4 defendant Picciano, a deputy attorney general.  Plaintiff claims that defendant violated his due

5 process rights by filing a document containing false statements in his 1992 civil rights action.

6 Plaintiff requests $2.5 million in punitive damages and that he be released from custody.

7    The Due Process Clause of the Fourteenth Amendment protects prisoners from being

8 deprived of life, liberty, or property without due process of law.  *Wolff v. McDonnell*, 418 U.S.

9 539, 556 (1974).  Plaintiff has not alleged any facts that would support a claim that he was

10 deprived of a protected interest without procedural due process.

11    To establish a claim for any violation of the right of access to the courts, prisoners must

12 prove an actual injury by showing that their efforts to pursue a non-frivolous claim concerning

13 their conviction or conditions of confinement has been hindered.  *Lewis v. Casey*, 518 U.S. 343,

14 350, 350-55 (1996).  Plaintiff fails to point to an "actual injury" as a result of defendant's

15 purported interference.

16    Plaintiff requests that he be released from custody and appears to suggest that his 1972

17 conviction is invalid because the prosecution introduced falsified documents into evidence.

18 However, the sole remedy in federal court for a prisoner challenging the fact or duration of

19 confinement is a writ of habeas corpus.  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  To

20 recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm

21 caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983

22 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged

23 by executive order, declared invalid by a state tribunal authorized to make such determination, or

24 called into question by a federal court's issuance of a writ of habeas corpus.  *Heck v. Humphrey*,

25 512 U.S. 477 (1994).  "A claim for damages bearing that relationship to a conviction or sentence

26 that has not been so invalidated is not cognizable under § 1983."  *Id.* at 487.  Plaintiff has not

demonstrated that his conviction has been invalidated, and as such, his claim is not cognizable under section 1983.

The court finds that the complaint fails to state any cognizable claims for relief under section 1983.  Thus, to proceed plaintiff must file an amended complaint.

Any amended complaint must show that the federal court has jurisdiction and that plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).  If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity.  *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)."); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly.  *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.  Plaintiff must eliminate from plaintiff's pleading all preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses,

3

1  summaries, and the like.  *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) (affirming

2  dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El v. Britton*,

3  523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil

4  Procedure is fully warranted" in prisoner cases).  The court (and defendant) should be able to

5  read and understand plaintiff's pleading within minutes.  *McHenry*, 84 F.3d at 1177.  A long,

6  rambling pleading, including many defendants with unexplained, tenuous or implausible

7  connection to the alleged constitutional injury or joining a series of unrelated claims against

8  many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and

9  an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these

10  instructions.

11          A district court must construe a pro se pleading "liberally" to determine if it states a

12  claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an

13  opportunity to cure them.  *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  While

14  detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of

15  action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 129 S.Ct.

16  1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff

17  must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is

18  plausible on its face.'"  *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555).  While

19  factual allegations are accepted as true, legal conclusions are not.  *Iqbal*, 129 S.Ct. at 1949.

20          An amended complaint must be complete in itself without reference to any prior

21  pleading.  Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff

22  files an amended complaint, the original pleading is superseded.

23          By signing an amended complaint he certifies he has made reasonable inquiry and has

24  evidentiary support for his allegations and that for violation of this rule the court may impose

25  sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.  Prison rules

26  require plaintiff to obey all laws, including this one, and plaintiff may be punished by prison

authorities for violation of the court's rules and orders.  *See* Cal. Code Regs. tit. 15, § 3005.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory.  *Booth v. Churner*, 532 U.S. 731, 741 (2001).  By signing an amended complaint plaintiff certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his action.

Accordingly, it hereby is ORDERED that:

1.  Plaintiff's request to proceed *in forma pauperis* is granted.

2.  Plaintiff shall pay the statutory filing fee of $350.   All payments shall be collected in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  The complaint is dismissed with leave to amend within 30 days.  Plaintiff shall file an amended complaint, which must bear the docket number assigned to this case and be titled "First Amended Complaint."  Failure to file an amended complaint will result in a recommendation this action be dismissed for failure to state a claim.  If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

4.  Plaintiff's September 8, 2009 motion for a case management conference is denied as premature.

Dated:  February 25, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE