IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EUGENE ALLEN,

      Plaintiff,                          No. CIV S-09-1141 WBS EFB P

      vs.

CONSTANCE PICCIANO,

      Defendant.                    FINDINGS AND RECOMMENDATIONS

_____/

      Eugene Allen, an inmate confined at Pelican Bay State Prison, filed this pro se civil rights action under 42 U.S.C. § 1983 and proceeds in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). On February 25, 2010, the court dismissed plaintiff's original complaint with leave to amend. Dckt. No. 16. Plaintiff filed an amended complaint on March 26, 2010. Dckt. No. 19. For the reasons set forth below, the court finds that plaintiff's amended complaint fails to state any claims for which relief can be granted. Therefore, the court recommends that this action be dismissed with prejudice. In light of that recommendation, the court also recommends that plaintiff's motion for a preliminary injunction be denied.

      Pursuant to 28 U.S.C. § 1915A, the court shall review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a

1

governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

Plaintiff alleges that he is currently serving a sentence for a 1972 murder that he did not commit. Plaintiff further alleges that in 1992, new evidence surfaced, which called into question the testimony of one of the prosecution's witnesses. Based on this new evidence, plaintiff claims to have filed a petition for writ of habeas corpus in the Amador County Superior Court, which was dismissed. Thereafter, in 1993, plaintiff claims to have filed a lawsuit against the prosecution's witness "with the objective in mind of compelling her to answer interrogatories." Dckt. No. 19 at 4. Plaintiff claims that the deputy attorney general representing the prosecution's witness in plaintiff's civil lawsuit, defendant Picciano, failed to serve plaintiff's interrogatories on her client. As a result, plaintiff claims that Picciano violated his right to due process and access to the court, as he was "hindered from pursuing his habeas corpus . . . ." *Id.* at 5.

In its February 25, 2010 order, the court explained that plaintiff had not alleged any facts that would support a claim that he was deprived of a protected interest without procedural due process, and that plaintiff had failed to point to an "actual injury" in support of an access to the courts claim. Additionally, the court explained that petitioner may only challenge the fact or duration of his confinement through a petition for writ of habeas corpus, and that any claim for damages based on an allegedly unconstitutional conviction is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), until plaintiff's conviction is invalidated.

Plaintiff's amended complaint fails to cure these defects. Plaintiff does not explain why, sixteen years after the fact, he is bringing a claim based on defendant's failure to respond to interrogatories. Assuming defendant was under an obligation to respond to plaintiff's request for interrogatories and failed to do so, the appropriate course of action would have been to file a

1 motion to compel or otherwise request court intervention in that action. Moreover, plaintiff does
2 not allege any facts showing how his ability to file a habeas petition was hindered as a result of
3 defendant's alleged action or inaction. Additionally, plaintiff's claims appear to be barred by the
4 applicable statute of limitations.[1]

5       The court previously granted plaintiff the opportunity to amend his complaint to state
6 cognizable claims for relief and advised plaintiff that while legal conclusions can provide the
7 framework of a complaint, they must be supported by factual allegations, and are not entitled to
8 the assumption of truth. Dckt. No. 16 at 4 (citing *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949
9 (2009)). Plaintiff's amended complaint fails to provide sufficient factual matter to state a claim
10 for relief. The court finds that the deficiencies in plaintiff's claims are not curable by further
11 amendment of his complaint.

12       Plaintiff has also requested that the court issue a preliminary injunction ordering that he
13 be transferred to Sacramento County to better serve his interests in litigating this action. Dckt.
14 No. 12. In light of this court's finding that plaintiff has failed to state a cognizable claim and the
15 recommendation that this action be dismissed with prejudice, the court will also recommend that
16 plaintiff's motion for a preliminary injunction be denied.

17       Accordingly, it is HEREBY RECOMMENDED that:

18       1. Plaintiff's November 16, 2009 motion for a preliminary injunction be denied; and

19       2. This action be dismissed with prejudice due to plaintiff's failure to state a claim. 28
20 U.S.C. § 1915A.

21       These findings and recommendations are submitted to the United States District Judge
22 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days
23 after being served with these findings and recommendations, any party may file written

---

[1] Currently, there is a two year statute of limitations in California in § 1983 cases. *See* Cal. Civ. Proc. Code § 335. The statute of limitations is tolled for a period of two years for persons imprisoned for a term less than life. *Id.* § 352.1.

3

1 objections with the court and serve a copy on all parties.  Such a document should be captioned
2 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
3 within the specified time may waive the right to appeal the District Court's order. *Turner v.*
4 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
5 Dated:  June 30, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4